## (November 14, 1968)

■ ANTHONY ARATO, Respondent-Appellant, v. INTERNATIONAL HARVESTER Co., Appellant, and CITY OF NEW YORK, Respondent, et al., Defendant.— Judgment based on verdict in favor of plaintiff against defendant International Harvester Co. and in favor of defendant City of New York unanimously vacated and verdict set aside on the law and the facts and a new trial ordered as against both defendants, with costs to abide the event. Plaintiff driver of a Sanitation Department truck was injured when another similar truck struck plaintiff's truck in a rear end collision. It was plaintiff's contention that the brakes on the second truck failed due to a lack of pressure. While the failure of the brakes is not claimed to be due to fault of the manufacturer, International Harvester

Co., it is contended that a warning device attached to the brakes and designed to give the driver notice of a decline in pressure failed to operate. A review of the testimony shows that the evidence designed to show that the warning device was not in proper order when the manufacturer delivered the truck to the city did not preponderate in favor of plaintiff as was also the finding that a failure of the device was the proximate cause of the accident. As regards plaintiff's appeal against defendant city, the learned court erred in instructing the jury that liability against this defendant could only be found if the jury exonerated the other defendant. Liability could be found if the device was defective and the city, when it sent the truck out, knew of it or should have discovered it. Lastly, the verdict was grossly excessive and could not be allowed to stand. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.